Corwine *v.* Corwine's Executors.

## CORWINE *vs.* CORWINE'S EXECUTORS.

1. A gift of all the residue of the testator's estate not before disposed of, contained in a will which only directs the payment of debts and bequeaths pecuniary legacies with other provisions, makes these legacies a charge upon the real estate, when it appears that the testator had not at his death, or the time of making his will, sufficient personal property to discharge these legacies.

2. Specific bequests cannot be made to contribute to make good a deficiency to pay pecuniary legacies.

Argued on final hearing, upon pleadings and proofs.

*Mr. E. T. Green,* for complainant.

*Mr. Kingman,* for defendants.

THE CHANCELLOR.

Gideon R. Corwine, who died in 1868, by his will made in that year, directed his debts to be paid, and bequeathed to his daughter, the complainant, $2000; to his daughter Phebe Farley, $1200; and all his furniture to his son the defendant, and his two daughters. He then gave the entire residue of his estate, real and personal, not otherwise disposed of, to his son, the defendant Cornelius Corwine, his heirs and assigns forever.

The debts of the testator were about $750. These, with the two legacies of $3200, far exceeded the amount of the personal estate possessed at his death, which was only $2200, and that which he possessed at the making of his will.

The bill is filed to have the legacies, or the amount of them above the personal estate not specifically bequeathed, declared a lien on the real estate devised to the son by the residuary gift.

The decisions of this court in the cases of *Van Winkle* v. *Van Houten,* 2 *Green's Ch.* 172, and *Dey* v. *Dey's Adm'r,*

4 C. E. Green 137, settle the question. The doctrine established by these cases and the authorities cited, is this: That a gift of all the residue of testator's estate not before disposed of, contained in a will which only directs the payment of debts and bequeaths pecuniary legacies in its other provisions, makes these legacies a charge upon the real estate, when it appears that the testator had not at his death, or the time of making the will, sufficient personal property to discharge these legacies. Such provisions in a will are not alone sufficient, although they afford a strong presumption of the intent, to charge the real estate with the deficiency; yet some proof in addition is required, and the facts above mentioned are held to make full proof of such intention.

The furniture specifically bequeathed, on well established principles, cannot be called upon to make good a deficiency in pecuniary legacies.

These legacies must be declared a lien upon the real estate devised to the son, for the deficiency of the personal estate in payment of them.